UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Valentina Osayande**, individually and on behalf of all others similarly situated, | No. _____ |
| Plaintiff, | |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **AdventHealth Foundation, Inc.** | |
| Defendant. | |

Plaintiff, Valentina Osayande ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, AdventHealth Foundation, Inc. (hereafter "Advent" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/, *et seq.* and Fed. R. Civ. P. 23 for Advent's failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2.      Plaintiff, the Collective Members and the Class Members are current and former employees of Advent.  Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt hourly employees of Advent.

3.      Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Advent failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings

Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Advent's violation of federal and Illinois law as detailed further below.

4.      Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. Advent paid Plaintiff, the Collective Members and the Class Members non-discretionary bonuses and incentive and shift differential payments, but Advent did not include all these payments as part of Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for the purposes of paying overtime.

5.      Under the FLSA and IMWL, "[b]ona fide meal periods are not worktime. . . [t]he employee must be completely relieved from duty for the purposes of eating regular meals. . . [t]he employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." *See* 29. C.F.R. § 785.19. Advent violated the FLSA and IMWL by automatically deducting a thirty-minute meal break from each and every shift Plaintiff, the Collective Members and the Class Members worked whether Plaintiff, the Collective Members and the Class Members were able to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff ad the Collective Members occurred within this District.

8.      At all relevant times, Plaintiff has been a resident of Illinois and performed work for Advent within the state of Illinois.

9.      Advent regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in this judicial district.

10.      Plaintiff, the Collective Members and the Class Members in their work for Advent were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

11.      At all times material to the matters alleged in this Complaint, Plaintiff was an employee of Advent.

12.      Plaintiff was employed by Advent as a Registered Nurse ("RN") from approximately May, 2022 through approximately May, 2023.

13.      The Collective Members are all current and former non-exempt hourly employees who worked for Advent in the United States at any point in the three years preceding the filing of this Complaint.

14.      The Class Members are all current and non-exempt hourly employees who worked for Advent in the state of Illinois at any point in the three years preceding the filing of this Complaint.

15.      The Class and Collective Members are non-exempt from the IMWL and FLSA overtime requirements.

16.      At all material times, Advent was a Florida corporation duly licensed to transact business in the State of Illinois.

17.     Under the IMWL and FLSA, Advent is an employer.  At all relevant times, Advent had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Advent.  As a person who acted in the interest of Advent in relation to the company's employees, Advent is subject to liability under the IMWL and FLSA.

18.     At all material times, Plaintiff and the Class and Collective Members were employees of Advent as defined by the IMWL and FLSA, 29 U.S.C. § 203(e)(1).

19.     At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

20.     Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

## FACTUAL ALLEGATIONS

21.     Advent employs more than 83,000 skilled and compassionate caregivers in physician practices, hospitals, outpatient clinics, skilled nursing facilities, home health agencies and hospice centers. https://www.adventhealth.com/who-we-are (last visited June 17, 2023).

22.     Plaintiff was employed by Advent as a non-exempt, full-time, hourly RN, from approximately May, 2022 to approximately May, 2023.

23.     The Collective Members are all current and former non-exempt employees who worked for Advent nationwide at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

24. The Class Members are all current and former non-exempt employees who worked for Advent in Illinois at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the IMWL's overtime requirements.

25. At all relevant times, Plaintiff was compensated on an hourly basis at a rate of approximately $42.76.

26. In her work for Advent, Plaintiff routinely worked in excess of forty hours in a given workweek.

27. During each and every workweek, Plaintiff, the Class Members and Collective Members were paid on an hourly basis.

28. At all relevant times, Plaintiff, the Collective Members and the Class Members were subject to Advent's Meal Break Policy.

29. Pursuant to Advent's Meal Break Policy, Advent automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff, the Collective Members and the Class Members.

30. Advent made this automatic 30-minute deduction from Plaintiff's, the Collective Members' and the Class Members' pay regardless of whether they were actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

31. The job demands of Plaintiff, the Collective Members and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

32.     Nevertheless, Advent automatically deducted thirty minutes from every shift worked by Plaintiff, the Collective Members and the Class Members, thereby denying them lawful overtime wages.

33.     At all relevant times, Advent failed to keep accurate time records and failed to accurately and timely pay all overtime wages required by the FLSA and IMWL.

34.     At all relevant times, Advent paid Plaintiff, the Collective Members and the Class Members different categories of non-discretionary bonuses, incentive payments, shift differentials and other non-discretionary bonuses.

35.     However, Advent does not include all of these non-discretionary bonus payments in Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, Advent has violated to overtime provisions of the FLSA and IMWL.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

37.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed by Advent.

38.     Advent subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

39.     Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

40.     The Collective Members perform or have performed the same or similar work as Plaintiff.

41.     Advent's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

42.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Advent that caused harm to all of the Collective Members.

43.     As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Advent's current and former hourly employees who worked in excess of 40 hours in any given workweek for Advent at any time from three years preceding the filing of this Complaint to the present.**

44.     Advent's unlawful conduct, as described herein, is pursuant to Advent's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

45.     Advent is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all overtime as detailed herein.

46.     Advent's unlawful conduct has been widespread, repeated, and consistent.

47.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

7

48.     Upon information and belief, the individuals similarly situated to Plaintiff includes thousands of non-exempt hourly employees currently and/or formerly employed by Advent. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Advent's possession, custody, or control, but it can be readily ascertained from their employment records.

49.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Advent, via email at the last known email address known to Advent and by text message to the last known telephone number known to Advent.

## ILLINOIS RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     Plaintiff brings Claims for Relief for violation of Illinois wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

52.     **Rule 23 Class**

**The Class Members are all of Advent's current and former hourly employees who worked in excess of 40 hours in any given workweek for Advent, within Illinois, at any time from three years preceding the filing of this Complaint to the present.**

**Numerosity (Rule 23(a)(1)).**

53.     The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Advent employed greater than one thousand people who satisfy the definition of the Class Members.

a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

54.     Common questions of law and fact exist as to the Plaintiff and the

8

Class Members including, but not limited to, the following:

    a. Whether Advent unlawfully failed to pay the Class Members all overtime wages, in violation of the Illinois Minimum Wage Law ("IMWL");

    b. Whether Advent unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

    c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

**b. Typicality (Rule 23(a)(3)).**

55. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Advent's illegal scheme to maximize profits by depriving their employees of overtime compensation.

**c. Adequacy (Rule 23(a)(4)).**

56. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**d. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

57. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Advent acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

**e. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

58. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other

available methods for the fair and efficient adjudication of this litigation. Advent's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Advent's practices.

59. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiff and the Collective Members)**

65. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Advent has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

67. At all relevant times, Plaintiff and the Collective Members were subject to Advent's enterprise-wide Meal Policy.

68. Pursuant to Advent's Meal Policy, Advent automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Collective Members.

69. Advent made this automatic 30-minute deduction from Plaintiff's and the Collective Members' pay regardless of whether they were actually permitted to take a meal break,

10

regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

70. The job demands of Plaintiff and the Collective Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

71. Nevertheless, Advent automatically deducted thirty minutes from every shift worked by Plaintiff and the Collective Members thereby denying them lawful overtime wages.

72. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

73. Advent knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Advent was aware of the FLSA's overtime requirements. As such, Advent's conduct constitutes a willful violation of the FLSA.

74. As a result of Advent's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Advent's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Advent violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular

rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: ILLINOIS MINIMUM WAGE LAW**
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(on behalf of Plaintiff and the Class Members)**

75.     Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

76.     Advent has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff the Class Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

77.     At all relevant times and the Class Members were subject to Advent's enterprise-wide Break and Meal Policy.

78.     Pursuant to Advent's enterprise-wide Break and Meal Policy, Advent automatically deducts a thirty-minute meal break for each and every shift worked by Plaintiff and the Class Members.

79.     Advent made this automatic 30-minute deduction from Plaintiff's and the Class Members' pay regardless of whether they actually permitted to take a meal break, regardless of whether they were permitted to take a full thirty-minute meal break, and regardless of whether they were completely relieved from duty for thirty-minutes.

80.     The job demands of Plaintiff and the Class Members routinely foreclosed their ability to take any meal break, prohibited them from taking a full thirty-minute meal break, or prohibited them being completely relieved from duty for thirty-minutes.

81. Nevertheless, Advent automatically deducted thirty minutes from every shift worked by Plaintiff and the Class Members, thereby denying them lawful overtime wages.

82. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

83. As a result of Advent's failure or refusal to pay Plaintiff and the Class Members all overtime due under Illinois law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: FAIR LABOR STANDARDS ACT**
**FAILURE TO INCLUDE BONUS PAY IN OVERTIME RATE**
**(on behalf of Plaintiff and the Collective Members)**

84. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

85. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

13

86.     At all relevant times, Advent paid Plaintiff and the Collective Members different categories of non-discretionary bonuses, incentive payments, shift differentials and other non-discretionary bonuses.

87.     However, Advent does not include all of these non-discretionary bonus payments in Plaintiff's and the Collective Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, Advent has violated to overtime provisions of the FLSA.

88.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

89.     Advent knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Advent was aware of the FLSA's overtime requirements. As such, Advent's conduct constitutes a willful violation of the FLSA.

90.     As a result of Advent's failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Advent violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT FOUR: ILLINOIS MINIMUM FAIR WAGE LAW
## FAILURE TO INCLUDE BONUS PAY IN OVERTIME

14

**(on behalf of Plaintiff and the Class Members)**

91.     Plaintiff and the Class Members reallege and incorporates by reference all allegations in all preceding paragraphs.

92.     At all relevant times, Advent paid Plaintiff and the Class Members different categories of non-discretionary bonuses, incentive payments, shift differentials and other non-discretionary bonuses.

93.     However, Advent does not include these non-discretionary bonus payments in Plaintiff's and the Class Members' regular rates of pay for the purpose of computing the overtime rate paid. As a result, Advent has violated to overtime provisions of the IMWL.

94.     Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

95.     As a result of Advent's failure or refusal to pay Plaintiff and the Class Members all overtime due under Illinois law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, and reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Valentina Osayande, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Advent:

A.    For the Court to declare and find Advent committed one or more of the following acts:

      i.    violated the overtime provisions of the FLSA;

      ii.    willfully violated the overtime provisions of the FLSA;

      iii.    violated the overtime provisions of the IMWL; and

B.    For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award all treble damages, interest, attorney fees and costs owed to Plaintiff and the Class Members under the IMWL;

F.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.    For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: July 7, 2023

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (#6289502)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com


By: */s/ James L. Simon (pro-hac vice forthcoming)*
James L. Simon (OH#0089483)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com